**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **PEANUT LABS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. _____** |
| | § | |
| **INSTANTLY, INC.** | § | |
| | § | |
| **Defendant.** | § | **JURY DEMAND** |

## COMPLAINT

Peanut Labs, Inc. files this Complaint against Instantly, Inc. for trademark infringement and unfair competition as set forth more fully below.

### THE PARTIES

1. Peanut Labs, Inc. ("Peanut Labs") is a corporation organized and existing under Delaware law doing business in the State of Texas.

2. Instantly, Inc. ("Instantly") is a corporation organized and existing under Delaware law. Instantly can be served through its registered agent John Wooland, 16501 Ventura Blvd., Suite 250, Encino, California 91436.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331, 1338, and 1367(a).

4. Defendant conducts business in the State of Texas and this Judicial District, including but not limited to advertising the infringing marks in this Judicial District to promote its products and services. Defendant also maintains an office in the State of Texas and this Judicial District at 19111 N. Dallas Parkway, Suite 180, Dallas, Texas 75287. For at least these reasons, Defendant is subject to the personal jurisdiction of this Court.

5.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this Judicial District and a substantial part of the events giving rise to the claims occurred in this Judicial District.

## BACKGROUND

6.     Peanut Labs is an innovative leader in the market research industry. With its unique methodology, Peanut Labs bridges the gap between online consumers who want to share their opinions and market researchers who want to hear their opinions. The Peanut Labs system gives researchers access to tens of millions of profiled and targeted ready-to-survey respondents worldwide.

7.     Using its massive online reach and proprietary tools, Peanut Labs has assisted thousands of brands, agencies, and organizations in obtaining the research data they require to generate consumer insights.  Among its many services, Peanut Labs' tools allow companies to create surveys and polls, and access a high quality, targeted research sample.  One of the trademarks under which Peanut Labs advertises certain of its products and services  is its SURVEYTOOL mark.

8.     Peanut Labs owns U.S. Trademark Registration No. 4,127,756 ("'756 Registration") for the following SURVEYTOOL.com and design mark (hereinafter, the "Peanut Labs Registered Mark") in connection with "SAAS consisting of web-based survey software for small and medium businesses which allows surveys to be hosted and conducted over the Internet":



Attached as Exhibit A is a copy of the '756 Registration.

9.      In addition to the '756 Registration, Peanut Labs has established rights in and to the mark SURVEYTOOL for its web-based survey software based on Peanut Labs' substantially exclusive and continuous use of the SURVEYTOOL mark since at least as early as January 2011.

10.      The foregoing marks are collectively referred to as the "Peanut Labs Marks."

11.      Peanut Labs recently learned that Defendant is advertising its products and services using the mark "Survey Tool" in connection with web-based survey products and services.  Defendant's use of an identical mark in connection with identical products and services is without authorization and is likely to cause confusion as to the affiliation, connection, or association of Peanut Labs with Defendant, or as to the origin, sponsorship, or approval of Defendant's products, services, and commercial activities.

12.      Peanut Labs notified Defendant in March of 2015 that its actions were unauthorized and violated Peanut Labs' trademark rights.  Peanut Labs demanded that Defendant immediately cease and desist from all use of "SURVEY TOOL."  Defendant, however, continues to use an identical and/or confusingly similar mark in its advertising to the Peanut Labs Marks.

**CLAIM ONE:**
**FEDERAL TRADEMARK INFRINGEMENT – REGISTERED MARK**

13.      Peanut Labs hereby repeats and re-alleges the allegations set forth in paragraphs 1 through 12 above and incorporates them herein by reference.

14.     Defendant's use of marks substantially similar to the Peanut Labs Registered Mark in advertising, offering for sale, and sale of its products and services is likely to cause confusion, to cause mistake, and to deceive.

15.     Peanut Labs has demanded that Defendant cease all use of the Peanut Labs Registered Mark and marks similar to the Peanut Labs Registered Mark, including "SURVEY TOOL."  Defendant is not authorized or licensed to use the Peanut Labs Registered Mark or marks confusingly similar to the Peanut Labs Registered Mark.

16.     Defendant's acts complained of above constitute infringement of Peanut Labs' rights in and to the Peanut Labs Registered Mark under 15 U.S.C. § 1114(a).

17.     Defendant's activities entitle Peanut Labs to damages, including but not limited to enhanced damages and attorney's fees, to the full extent recoverable under 15 U.S.C. § 1117.

18.     Unless Defendant is enjoined, Peanut Labs has no adequate remedy at law and will be irreparably harmed.

## CLAIM TWO:
## FEDERAL TRADEMARK INFRINGEMENT – PEANUT LABS MARKS

19.     Peanut Labs hereby repeats and re-alleges the allegations set forth in paragraphs 1 through 18 above and incorporates them herein by reference.

20.     As a result of Peanut Labs' longstanding and continuous use, significant advertising, and promotional activities in commerce, the Peanut Labs Marks are well known and accepted by the public and serve to distinguish Peanut Labs' business from others.

21.     Defendant's use of the Peanut Labs Marks and marks similar to the Peanut Labs Marks in its advertising, offering for sale, and sale of its products and services is likely to cause confusion, to cause mistake, and to deceive the public into believing that Defendant is affiliated,

4

connected, and associated with Peanut Labs or is likely to cause confusion as to the origin, sponsorship, or approval of Defendant's products and services.

22.     Peanut Labs has demanded that Defendant cease all use of the Peanut Labs Marks and marks confusingly similar to the Peanut Labs Marks.   Defendant is not authorized or licensed to use the Peanut Labs Marks or marks confusingly similar to the Peanut Labs Marks.

23.     Defendant's acts complained of above constitute infringement of Peanut Labs' rights in and to the Peanut Labs Marks under 15 U.S.C. § 1125(a).

24.     Defendant's activities entitle Peanut Labs to damages, including but not limited to enhanced damages and attorney's fees, to the full extent recoverable under 15 U.S.C. § 1117.

25.     Unless Defendant is enjoined, Peanut Labs has no adequate remedy at law and will be irreparably harmed.

## JURY DEMAND

26.     Peanut Labs demands a trial by jury on all issues triable by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Peanut Labs prays for judgment that:

A.     Defendant's continued use of the Peanut Labs Marks and/or colorable imitations thereof infringes Peanut Labs' rights under 15 U.S.C. §§ 1114(a) and 1125(a), and Defendant's acts constitute willful infringement under 15 U.S.C. § 1117;

B.     Defendant and its respective affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons acting in concert or participation with them who receive actual notice of the Order be permanently enjoined from:

      1.     Committing any acts likely to cause the public to believe that Defendant and its products and services are authorized by, sponsored by, or in any way associated with Peanut Labs, in whole or in part; and

      2.     Attempting, causing, or assisting any of the above-described acts;

C.     Defendant be ordered to pay damages for violations of Peanut Labs' trademark rights, including but not limited to Peanut Labs' actual damages, Defendant's profits, and corrective advertising;

D.     Defendant be ordered to pay any and all damages, as well as exemplary or enhanced damages, including but not limited to Defendant's profits (under all available theories including but not limited to unjust enrichment) and, including but not limited to those damages available under 15 U.S.C. § 1117 and under state law;

E.     Defendant be required to pay pre-judgment interest on all amounts awarded, and post-judgment interest until paid, at the highest lawful rate;

F.     Defendant be ordered to file with the Court and serve on counsel for Peanut Labs within thirty (30) days after entry of any injunction issued by this Court in this action, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.     Defendant be ordered to deliver up for destruction or other disposition within thirty (30) days of the entry of final judgment herein any and all products, displays, signs, circulars, packaging, labels, advertising, or other materials in their possession, custody, or control that bear the Peanut Labs Marks, and colorable imitations thereof, and any other designation that would violate the injunction entered herein;

6

H.     Defendant be ordered to use its best efforts to recall from any and all channels of distribution any product, packaging, labeling, advertising, and/or promotional or other material of any kind bearing the Peanut Labs Marks, and colorable imitations thereof;

I.     Defendant provide an accounting by disclosing the amount of services, in both dollars and volume, sold after its unauthorized use of the Peanut Labs Marks and colorable imitations thereof, including but not limited to the name and address of the person or entity to whom these services were sold and the amount of monies received for such sales, and that Defendant allows Peanut Labs access to its records to confirm this information;

J.     Defendant be required to pay Peanut Labs its costs, disbursements, and attorney's fees as allowed by law;

K.     Defendant be required to send out advertising and notices that correct the likelihood of confusion and all instances of actual confusion;

L.     Defendant be permanently enjoined from using the Peanut Labs Marks, and colorable imitations thereof in any manner; and

M.     Peanut Labs be granted such other relief as the Court deems just and equitable.


Dated this 8th day of June, 2015.                    Respectfully submitted,

                                                     /s/Jonathan M. Pierce
                                                     Jonathan M. Pierce, Esq.
                                                     Texas State Bar No. 24027744
                                                     **PORTER HEDGES LLP**
                                                     1000 Main Street, 36th Floor
                                                     Houston, Texas  77002
                                                     Telephone: (713) 226-6694
                                                     Facsimile: (713) 226-6294
                                                     jpierce@porterhedges.com
                                                     ***ATTORNEY IN CHARGE FOR PLAINTIFF***

**OF COUNSEL:**
Jonna N. Summers, Esq.
Texas State Bar No. 24060649
**PORTER HEDGES LLP**
1000 Main Street, 36th Floor
Houston, Texas  77002
Telephone: (713) 226-6732
Facsimile: (713) 226-6332
jsummers@porterhedges.com

4972428v1